UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAWNYA SONETTE BAUTIN DUNAWAY,<br>Plaintiff,<br>v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>Defendant. | Case No. 2:26-cv-00336-CSK (SS)<br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br>(ECF Nos. 12, 14) |

Plaintiff Tawyna Sonette Bautin Dunaway seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is GRANTED, the Commissioner's cross-motion is DENIED, and the final decision of the Commissioner is REVERSED and REMANDED.

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 6, 8, 11.)

## I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. §§ 404.900(a), 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. §§ 404.929, 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review

of the Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

## II. FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS

On September 19, 2022, Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, with an alleged onset date of March 1, 2021. Administrative Transcript ("AT") 359-63. Plaintiff alleged she suffered from post-traumatic stress disorder ("PTSD") and fibromyalgia. AT 431. Plaintiff's application was denied initially and upon review, and she sought a hearing before an administrative law judge ("ALJ"). AT 107-112, 121-23, 131-32. An ALJ hearing was held on March 4, 2025. AT 33-65. Plaintiff appeared in person with counsel and testified about her impairments, and

a vocational expert ("VE") testified about hypothetical available jobs in the national economy. *Id*.

On April 17, 2025, the ALJ issued an opinion finding Plaintiff not disabled. AT 15-26. At step one, the ALJ concluded Plaintiff had not engaged in substantial gainful activity since September 6, 2022, her application date. AT 17. At step two, the ALJ found that Plaintiff suffered from the following severe impairment: PTSD. AT 18. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listing. *Id*. (citing 20 C.F.R. Part 404, Subpart P, Appendix 1). Relevant here, the ALJ evaluated listings 12.06 (Anxiety and obsessive-compulsive disorders) and 12.15 (Trauma- and stressor-related disorders).[2] The ALJ concluded Plaintiff had a mild limitation in understanding, remembering, and applying information and moderate limitations in interacting with others, concentrating, persisting, and maintaining pace, and adapting or managing oneself. AT 18-19. The ALJ found "Paragraph B" was not satisfied due to Plaintiff's impairments not causing at least two "marked" or one extreme limitation. *Id*. The ALJ also examined whether Plaintiff's mental impairments qualify under "Paragraph C." *Id*. The ALJ found that the criteria was not satisfied due to a lack of evidence showing Plaintiff had a minimal capacity to adapt to changes in her environment or demands that are not already a part of her daily life. *Id*.

The ALJ next found Plaintiff had the residual functional capacity to perform a full

---

[2] "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b.

"Paragraph C" sets the criteria for "serious and persistent mental disorders," requiring a showing of medically documented history of the existence of the disorder for a period of at least two years. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.c.

range of work at all exertional levels but with the following limitations: "simple tasks; adapt to simple workplace changes; no public interactions." AT 20. In making this finding, the ALJ considered Plaintiff's symptoms "to the extent which these symptoms can reasonably be accepted as consistent with the objective medical evidence," medical opinions, and prior administrative findings. *Id*.

Evaluating the medical opinions on Plaintiff's mental limitations, the ALJ found the opinions of Dr. Lauri Stenbeck, PsyD, Dr. Joshua Schwartz, Ph.D., Dr. Tiadora Kim, PsyD, and Dr. Sonya Adamo, PsyD to be persuasive. AT 22-23.

Dr. Stenbeck performed a consultative evaluation on Plaintiff in July 2019, and opined that Plaintiff did not have a significant limitation in either her ability to perform simple, repetitive tasks or to work on a consistent basis. AT 23 (citing AT 602-07). Dr. Stenbeck found that Plaintiff was mildly limited in her ability to perform detailed, complex tasks, maintaining regular attendance at work, and working without additional or special supervision. *Id*. Dr. Stenbeck also opined Plaintiff had moderate limitations in her ability to complete a normal workday or workweek, to accept instructions from supervisors, interact with coworkers and the public, and deal with usual work stress. *Id*. The ALJ concluded Dr. Stenbeck's opinion was supported by her findings and direct examination of Plaintiff. *Id*. The ALJ also found this opinion to be consistent with other objective findings in the ALJ's discussion, Plaintiff's treatment, and Plaintiff's reported symptoms of anxiety and limitations in functioning. *Id*.

Dr. Schwartz, a state agency psychological consultant, opined Plaintiff suffered from a severe mental impairment but had a moderate limitation in interacting with others and mild limitations under the "Paragraph B" criteria. *Id*. (citing AT 77-91). The ALJ concluded Dr. Schwartz's opinion was partially persuasive because it was supported by Dr. Schwartz's own review of the record, but the ALJ diverted from the opinion by concluding a marked limitation was unsupported by objective health findings, Plaintiff's ability to care for herself independently, and Plaintiff's lack of mental health treatment. AT 23.

Next, the ALJ evaluated the opinion of consultative psychologist, Dr. Kim, who opined that Plaintiff had a mild impairment in her ability to adapt to work stress and no impairments in her abilities to understand, remember, and apply simple and complex instructions, maintain concentration and pace, and interact with supervisors, coworkers, and the public. *Id*. (citing AT 1065-73). The ALJ noted Dr. Sonya Adamo, PsyD, a state agency consultant agreed with Dr. Kim and opined Plaintiff did not suffer from a severe mental impairment. *Id*. (citing AT 94-99).

The ALJ concluded that Dr. Kim and Dr. Adamo's opinions were persuasive to the extent that they supported Dr. Stenbeck and Dr. Schwartz's findings that Plaintiff had no marked limitations. *Id.* However, the ALJ found the opinions' findings to be less persuasive because they did not adequately consider Plaintiff's findings of anxiety and difficulty interacting with others. *Id*.

The ALJ then evaluated the medical opinion testimony of consultative examiner Dr. Jakubowski, who found Plaintiff was not significantly limited in her ability to perform simple instructions, but had moderate limitations in her abilities to work on a consistent basis, perform work without special or additional supervision and accept instructions from supervisors, and in maintaining regular attendance and completing a normal workday or workweek. AT 23-24 (citing AT 608-15). Dr. Jakubowski further opined that Plaintiff had a marked limitation in her ability to perform complex instructions, interact with coworkers and the public, and deal with usual work stress. *Id*.

The ALJ found that Dr. Jakubowski's marked limitations were unpersuasive because they were unsupported by Dr. Jakubowski's personal observations and findings upon examination and inconsistent with Plaintiff's unremarkable treatment record, other discussed findings in the record, and Plaintiff's daily activities. AT 24.

At step four, the ALJ concluded Plaintiff did not have any past relevant work. However, at step five, the ALJ determined Plaintiff was capable of performing other jobs in the national economy, including: (1) groundskeeper, Dictionary of Occupational Titles ("DOT") # 406.687-010, medium, SVP 2, with approximately 27,000 jobs in the national

economy; (2) auto dealer, DOT # 915.687-034, medium, SVP 2, with approximately 36,000 jobs in the national economy; and (3) merchandise marker, DOT # 209.587-034, light, SVP 2, with approximately 167,000 jobs in the national economy.[3] AT 25. Thus, the ALJ concluded Plaintiff was not disabled. AT 26.

On December 9, 2025, the Appeals Council denied Plaintiff's appeal. AT 1-4. Plaintiff filed this action requesting review of the Commissioner's final decision, and the parties field cross motions for summary judgment. (ECF Nos. 1, 12, 14.)

## III. ISSUES PRESENTED FOR REVIEW

Plaintiff contends the ALJ erred in evaluating the medical opinion testimonies of: (1) Dr. Stenbeck; (2) Dr. Jakubowski; and (3) Dr. Kim. Pl. Mot. at 6-15 (ECF No. 12). The Commissioner counters that the ALJ's evaluation of the medical opinion experts was supported by substantial evidence. Def. Mot. at 3-8 (ECF No. 14).

## IV. DISCUSSION

### A. Medical Opinion Evidence

#### 1. Legal Standards

"The ALJ is responsible for translating and incorporating clinical findings into a succinct RFC" (residual functional capacity). *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). In doing so, the ALJ must articulate a "substantive basis" for rejecting a medical opinion or crediting one medical opinion over another. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014); *see also Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) ("an ALJ cannot in its decision totally ignore a treating doctor and his or her notes, without even mentioning them").

The applicable rules provide that adjudicators for the Social Security

---

[3] "Medium" in the ALJ's step-five determination references medium work, as defined by 20 C.F.R. §§ 404.1567(c) and 416.967(c). "Light" in the ALJ's step-five determination references light work, as defined by 20 C.F.R. §§ 404.1567(b) and 416.967(b).

"SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." See DOT, App. C, § II, available at 1991 WL 688702.

Administration, including ALJs, evaluate medical opinions according to the following factors: supportability; consistency; relationship with the claimant; specialization; and other factors such as the medical source's familiarity with other evidence in the record or with disability program requirements. 20 C.F.R. § 416.920c(c)(1)-(5). The most important of these factors are supportability and consistency. 20 C.F.R. § 416.920c(b)(2). Supportability is the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations. 20 C.F.R. § 416.920c(c)(1). Consistency is the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources, including the claimants themselves. 20 C.F.R. §§ 416.920c(c)(2), 416.902(j)(1). The ALJ will articulate how he considered the most important factors of supportability and consistency, but an explanation for the remaining factors is not required except when deciding among differing yet equally persuasive opinions or findings on the same issue. 20 C.F.R. § 416.920c(b). The new regulations "still require that the ALJ provide a coherent explanation of his reasoning" and establish "a minimum level of articulation to be provided in determinations and decisions, in order to provide sufficient rationale for a reviewing adjudicator or court." *Sam-Chankhiao v. Kijakazi*, 2022 WL 4226170, at *3 (E.D. Cal. Sept. 13, 2022) (citing *Hardy v. Commissioner*, 554 F. Supp. 3d 900, 906 (E.D. Mich. 2021)).

2. <u>Analysis</u>

a. *Dr. Stenbeck*

Plaintiff argues the ALJ erred in evaluating Dr. Stenbeck's medical opinion testimony by failing to include Dr. Stenbeck's opined moderate limitation in Plaintiff's ability to accept instructions from supervisors from the RFC finding without explanation. Pl. Mot. at 7. Conversely, Defendant argues that the ALJ properly considered Dr. Stenbeck's medical opinion testimony and incorporated Dr. Stenbeck's opined moderate limitation in accepting instructions from supervisors into the RFC's limitation to simple tasks. Def. Mot. at 4-6.

A summary of Dr. Stenbeck's medical opinion testimony is provided above. The ALJ concluded Dr. Stenbeck's opinion was persuasive for being supported by Dr. Stenbeck's findings and observations upon direct examination of Plaintiff. AT 23. Further, the ALJ concluded Dr. Stenbeck's medical opinion testimony was consistent with the objective medical evidence, Plaintiff's treatment, and its consideration of Plaintiff's anxiety and functional limitations. *Id*.

The Court agrees with Plaintiff and finds the ALJ erred in evaluating Dr. Stenbeck's medical opinion testimony. In *Samples v. Commissioner of Social Sec. Admin*., the Ninth Circuit found the ALJ erred omitting opined moderate to marked limitations in a plaintiff's ability to accept instructions from supervisors. 466 Fed. Appx. 584, 586 (9th Cir. 2012). Likewise, Dr. Stenbeck opined Plaintiff had a moderate limitation in accepting instructions from supervisors. AT 607. Despite finding Dr. Stenbeck's medical opinion testimony to be persuasive, the ALJ did not incorporate the limitation in accepting instructions from supervisors in the RFC, as the RFC merely includes a limitation to simple tasks. The Court disagrees with Defendant's post hoc analysis that the RFC's limitation to simple tasks encapsulates Dr. Stenbeck's limitation in accepting instructions from supervisors, as the ALJ states this in his findings. The Court also disagrees with Defendant's arguments because a limitation to simple tasks would only encapsulate findings related to concentration, persistence, and pace. *See Panziera v. Berryhill*, 2018 WL 278623, at *20 (N.D. Cal. Jan. 3, 2018) (collecting cases holding that a limitation to simple, repetitive tasks, does not accommodate limitations other than those that concern concentration, persistence, and pace). Thus, the Court finds the ALJ erred in evaluating Dr. Stenbeck's medical opinion testimony and grants summary judgment in favor of Plaintiff and denies summary judgment for Defendant on this issue.

b. *Other Issues/Claims*

In light of the Court's conclusion that the ALJ erred in the evaluation of Dr. Stenbeck's medical opinion testimony, it declines to reach the remaining issues

presented by Plaintiff as to whether the ALJ properly evaluated Dr. Jakubowski and Dr. Kim's medical opinion testimonies.

## V. CONCLUSION

In conclusion, the Court grants summary judgment in favor of Plaintiff on whether the ALJ properly evaluated Dr. Stenbeck's medical opinion testimony. With error established, the court has the discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison*, 759 F.3d, at 1020. Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* at 1021; *see also Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); *Treichler,* 775 F.3d, at 1105 ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record as a whole creates serious doubt as to whether Plaintiff was, in fact, disabled during the relevant period. On remand, the ALJ is free to develop the record as needed but must sufficiently analyze Dr. Stenbeck's opinion testimony. The Court expresses no opinion regarding how the evidence should ultimately be weighed, and any ambiguities or inconsistencies resolved, on remand. The Court also does not instruct the ALJ to credit any particular opinion or testimony. The ALJ may ultimately find

Plaintiff disabled during the entirety of the relevant period; may find Plaintiff eligible for some type of closed period of disability benefits; or may find that Plaintiff was never disabled during the relevant period, provided that the ALJ's determination complies with applicable legal standards and is supported by the record as a whole.

**ORDER**

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 12) is GRANTED;
2. The Commissioner's cross-motion (ECF No. 14) is DENIED;
3. The final decision of the Commissioner is REVERSED and REMANDED; and
4. The Clerk of the Court is directed to CLOSE this case.

Dated: November 17, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

7, duna.0336.26.ss.msj.cjra